## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

---

| | |
|---|---|
| **JACKIE WHITE** | **CIVIL CASE NO. 24-35** |
| **VERSUS** | **JUDGE EDWARDS** |
| **TEXAS PETROLEUM INVESTMENT COMPANY, ET AL** | **MAG. JUDGE PEREZ-MONTES** |

---

## MEMORANDUM RULING AND ORDER

Before the Court are four motions. First, Jackie White, on behalf of her minor son, Alton Ray Bonnett ("Plaintiff") filed a Motion to Remand (R. Doc. 41). Defendant, Texas Petroleum Investment Company ("TPIC") opposes the motion (R. Doc. 44). Plaintiff replied (R. Doc. 46). Next, Defendant, Oberal Barnes ("Barnes") filed a Motion to Dismiss for Insufficient Service of Process (R. Doc. 30). Plaintiff opposes the motion (R. Doc. 43). Barnes replied (R. Doc. 45). Finally, TPIC filed two Motions for Summary Judgment (R. Docs. 32, 49). Plaintiff opposes the motions (R. Docs. 47, 51). TPIC replied to both oppositions (R. Docs. 48, 52).

After careful consideration of the parties' memoranda and the applicable law, Plaintiff's Motion to Remand is **DENIED**, TPIC's Motion for Summary Judgment on the Statutory Employer Doctrine is **GRANTED**, and O.B. Barnes' Motion to Dismiss and TPIC's Motion for Summary Judgment on Fraudulent Joinder are **DENIED AS MOOT**.

## I.    Background

This case arises out of the death of Jessie Ira Jones ("Jones") on September 8, 2023.[1] On that date, Jones—who, at the time, was directly employed by Murphrey Oil Company ("Murphrey Oil")—was working at the Colgrade Oil Field, an oilfield location operated by TPIC in Winn Parish.[2] TPIC is an oil exploration and production company.[3] Murphrey Oil was contracted with TPIC to perform oil well services and equipment repairs on TPIC's property.[4] This work involved pulling pumps and motors from the oil wells and replacing well equipment to put certain oil wells back into production.[5] On the date of the incident, Jones was instructed to hold cables on the workover rig while a crew raised the derrick.[6] As the derrick was being raised, the rig made contact with a live electrical wire, which caused Jones to be electrocuted.[7]

On December 1, 2023, Jackie White filed a wrongful death and survival action in the 8th Judicial District Court for the Parish of Winn, Louisiana, on behalf of her minor child, Altus Ray Bonnett, against TPIC and Barnes (collectively "Defendants").[8] Plaintiff, on behalf of her son, is a citizen of Louisiana.[9] TPIC is a

---

[1] *See* R. Doc. 1-1, ¶ 2.
[2] *See* R. Doc. 1-1, ¶¶ 3–4.
[3] *See* R. Doc. 49-1 at 7.
[4] *See* R. Doc. 49-5 at 1–2.
[5] *See* R. Doc. 49-1 at 7.
[6] *See* R. Doc. 1-1, ¶ 5. Workover rigs are used to pull a pump or a motor from an oil well so it can be replaced or repaired. *See* R. Doc. 49-6 at 3.
[7] *See* R. Doc. 1-1, ¶ 6.
[8] *See* R. Doc. 1-1.
[9] *See* R. Doc. 41-1 at 1.

Texas citizen.[10] Barnes is a Louisiana citizen.[11] In the state court Petition, Plaintiff alleges that "Barnes was employed by [TPIC] to manage the Colgrade Oil Field where the incident occurred."[12] Plaintiff further alleges that "[TPIC] and/or [ ] Barnes failed to detect, repair and warn Murphrey Oil [ ] employees or [ ] Jones of the dangerous electrical wire on the oil well site near the location where they were required to rig up the workover rig."[13]

TPIC removed this action to this Court on January 10, 2024, after being served on December 19, 2023.[14] In the Notice of Removal, TPIC alleged that Barnes was never served with process before TPIC removed the case, and Plaintiff fraudulently joined Barnes as a defendant to defeat diversity jurisdiction.[15] On April 18, 2024, Plaintiff attempted to amend her complaint to add Murphrey Oil as a defendant in this action.[16] However, her attempt to do so was denied.[17] Plaintiff then requested summons on Barnes on March 10, 2025—roughly fourteen months after this case was removed from state court,[18] and Barnes was finally served on March 20, 2025.[19]

Plaintiff now moves to remand this case back to the state court.[20] Plaintiff argues that since Barnes is a citizen of Louisiana, this court does not have subject

---

[10] *See* R. Doc. 1 at 2 ("Defendant, [TPIC], is a corporation organized and existing under the laws of the State of Texas, and maintains its principal place of business in Houston, Texas.").
[11] *See* R. Doc. 41-1 at 1.
[12] *See* R. Doc. 1-1, ¶ 9.
[13] *See* R. Doc. 1-1, ¶ 12.
[14] *See* R. Doc. 1 at 2.
[15] *See* R. Doc. 1 at 2.
[16] *See* R. Doc. 14.
[17] *See* R. Doc. 22; *see also* R. Doc. 53.
[18] *See* R. Doc. 23.
[19] *See* R. Doc. 27.
[20] *See* R. Doc. 41.

matter jurisdiction.[21] On the other hand, TPIC moves for summary judgment claiming Barnes was fraudulently joined in this action for the purpose of defeating diversity.[22] Barnes moves to be dismissed under Rule 12(b)(5) for insufficient service of process.[23] TPIC also moves for summary judgment on the basis that Jones was TPIC's statutory employee at the time of the incident, and as a result, Plaintiff's remedy is not in tort but is limited to workers' compensation benefits.[24]

## II.  Applicable Standards

### a.  Motion to Remand

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...."[25] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[26] Remand is proper if at any time the court lacks subject matter jurisdiction.[27] The removing party bears the burden of showing that federal jurisdiction exists.[28] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and

---

[21] *See* R. Doc. 41 at 1.
[22] *See* R. Doc. 32 at 1.
[23] *See* R. Doc. 30.
[24] *See* R. Doc. 49 at 1.
[25] 28 U.S.C. § 1441(a).
[26] *Id.* at § 1332(a)-(a)(1). There is no dispute that the amount in controversy requirement is satisfied. Accordingly, the Court will turn directly to the issue of whether Barnes was improperly joined as a defendant.
[27] *See id.* at § 1447(c).
[28] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[29]

A defendant may remove by showing that a non-diverse party was improperly joined.[30] Because this is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one.[31] To meet its burden, the removing party must show an "(1) actual fraud in pleading jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant."[32] To determine whether the latter showing has been made, courts ask "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[33]

Generally, a court should "conduct a Rule 12(b)(6)-type analysis ... to determine whether the complaint states a claim under state law against the in-state defendant."[34] "If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder."[35] However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to

---

[29] *See, e.g., Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995).
[30] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[31] *Id*. at 574.
[32] *Id*. at 573.
[33] *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573).
[34] *Smallwood*, 385 F.3d at 573.
[35] *Davidson*, 819 F.3d at 765.

determine whether a non-diverse defendant has been improperly joined.[36] When conducting a summary inquiry, the court may consider "summary judgment-type evidence in the record," and it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff.[37]

"[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both."[38] If a court determines that the non-diverse party has been improperly joined under a Rule 12(b)(6)-type analysis, that party must be dismissed without prejudice.[39] This dismissal is based on lack of subject matter jurisdiction and does not operate as an adjudication on the merits.[40] When applying the improper joinder test, a federal court reads the original state court pleading through the lens of the federal pleading standards.[41]

As in the Rule 12(b)(6) context, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[42] A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[43] The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the

---

[36] *Smallwood*, 385 F.3d at 573–74.
[37] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[38] *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016) (emphasis in original).
[39] *Id*. at 209.
[40] *Id*. at 210.
[41] *Id*. at 203.
[42] *Id*. at 200 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

plaintiff.[44] But the Court is not bound to accept as true legal conclusions couched as factual allegations.[45]

### b. Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[46] A material fact impacts the outcome of a lawsuit and can be identified through substantive law.[47] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could render a verdict for the nonmoving party."[48] "[A] party asserting that a fact cannot be or is genuinely disputed must support the motion by citing to particular parts of materials in the record."[49]

In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings ... [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."[50] If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists.[51] A non-movant, however, cannot meet the burden of proving

---

[44] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).
[45] *Iqbal*, 556 U.S. at 678.
[46] Fed. R. Civ. P. 56(a).
[47] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[48] *Id.*
[49] Fed. R. Civ. P. 56(c)(1)(A).
[50] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations and citations omitted).
[51] *Id.* at 324.

that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[52] Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."[53]

In reviewing the evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."[54] The district court will not "evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes."[55] Factual controversies are to be resolved in favor of the nonmovant, "but only when … both parties have submitted evidence of contradictory facts."[56]

## III.  Analysis

### a.  Motion to Remand[57]

Plaintiff argues remand is proper in this case because she contends that Barnes was properly joined as a defendant since there is a possibility that he could be held liable for damages under state law.[58] However, Defendants assert that Barnes

---

[52] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[53] *Clark v. Am's Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997).

[54] *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 150 (2000).

[55] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (citations omitted).

[56] *Little*, 37 F.3d at 1075.

[57] This Court chooses not to "pierce the pleadings," but instead chooses to do a "Rule 12(b)(6)-like" analysis. *Int'l Energy Ventures*, 818 F.3d at 207 ("[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both.") (emphasis in original). Because of this, the facts and allegations relied on its remand analysis come directly "from the operative […] complaint because, at this stage, we accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff…." *Nevarez v. Dorris*, 135 F.4th 269, 271 n.1 (5th Cir. 2025) (citation modified).

[58] *See* R. Doc. 41-1 at 3.

was joined for the sole purpose of defeating diversity.[59] Defendants further assert that Plaintiff's Petition "includes no allegation that TPIC delegated any personal duty to Barnes or anyone else …."[60]

Louisiana law sets forth circumstances under which an employee can be held individually liable for injuries to third persons. In *Canter v. Koehring Co.*,[61] the Louisiana Supreme Court held that an employee may be personally liable to third parties when these "four elements" are met:

1. First, the employer must owe a duty of care to the plaintiff, the breach of which caused the injury at issue.

2. Second, the employer must have delegated that duty to the employee at issue.

3. Third, the employee at issue must have breached the duty through his own personal fault.

4. And fourth, the employee's breach must have been more than a simple breach of a 'general administrative responsibility,' but must instead stem from the breach of a duty the employee owed the plaintiff personally that was not properly delegated to another employee.[62]

Personal liability under *Canter* only exists in "limited circumstances."[63]

In the Petition, Plaintiff alleges that "Defendants endangered the public and caused plaintiff's harm by:"

   a.  Failing to warn workers of the live electrical wire on the oil well site;

---

[59] *See* R. Doc. 44 at 4.

[60] *See* R. Doc. 44 at 5.

[61] 283 So. 2d 716 (La. 1973), *superseded by statute on other grounds*, La. Rev. Stat. § 23:1032 (1998).

[62] *Rolls ex rel. A.R. v. Packaging Corp. of Am.*, 34 F.4th 431, 437–38 (5th Cir. 2022) (brackets omitted) (quoting *Canter*, 283 So. 2d at 721).; *see also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees.") (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)).

[63] *See Banks v. Wal-Mart, Inc.*, No. 18-749, 2018 WL 4001289, at *3 (W.D. La. Aug. 6, 2018).

b.  Failing to keep the oil well site in a safe condition for others;

c.  Failing to properly instruct workers where to place their workover rig; and

d.  Requiring workers to setup their workover rig in a dangerous place.[64]

While Plaintiff alleges that "Barnes was employed by [TPIC] to manage the Colgrade Oil Field where the incident occurred," she does not identify any specific duties of care owed to Jones that were delegated by TPIC to Barnes, or anyone else for that matter.[65] In fact, the only other allegation in Plaintiff's Petition that mentions Barnes alleges that "[TPIC] and/or [ ] Barnes failed to detect, repair and warn Murphrey Oil [ ] employees or [ ] Jones of the dangerous electrical wire on the oil well site near the location where they were required to rig up the workover rig."[66] These allegations from Plaintiff's Petition are wholly insufficient to establish the second element of *Canter* and cannot meet "*Canter*'s high bar for imposing personal liability on a management-level employee."[67]

Because of this, Plaintiff cannot establish that the second element of *Canter* is satisfied, namely that TPIC delegated to Barnes any personal duties of care owed to Jones. Accordingly, Plaintiff's motion to remand is denied, and her claims against Barnes are dismissed without prejudice.[68] Consequently, Barnes' motion to dismiss[69]

---

[64] *See* R. Doc. 1-1, ¶ 8.

[65] *See* R. Doc. 1-1, ¶ 9.

[66] *See* R. Doc. 1-1, ¶ 12.

[67] *See Rolls*, 34 F.4th at 438.

[68] *See Int'l Energy Ventures*, 818 F.3d at 210 ("[T]he dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance.") (emphasis in original).

[69] *See* R. Doc. 30.

and TPIC's motion for summary judgment on fraudulent joinder[70] are denied as moot.[71]

### b. Motion for Summary Judgment

TPIC also moves for summary judgment arguing that pursuant to the Master Service Agreement (the "MSA") between TPIC and Murphrey Oil, there is a rebuttable presumption that Jones was the statutory employee of TPIC that Plaintiff cannot overcome.[72]

### i. Evidentiary Objection

First, Plaintiff contends that the MSA is improper summary judgment evidence because it lacks proper foundation, and that Barnes lacks the personal knowledge and competence to authenticate the MSA.[73]

At the summary judgment stage, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[74] But "materials cited to support or dispute a fact need only be *capable* of being presented in a form that would be admissible in evidence."[75] Thus, "a precondition for considering evidence in an improper form … [is] that the 'the party submitting the evidence [must] show that it will be possible to put the information …

---

[70] *See* R. Doc. 32.

[71] *See Bourgeois v. U.S. Ship. Corp.*, 683 F. Supp. 3d 548 (E.D. La. 2023) (denying as moot motion to dismiss after denying plaintiff's motion to remand); *see also McMorris v. Stafford*, 655 F. Supp. 671 (M.D. La. 1987) (denying as moot motion for summary judgment after denying plaintiff's motion to remand).

[72] *See* R. Doc. 49 at 2.

[73] *See* R. Doc. 51 at 2–4.

[74] FED. R. CIV. P. 56(c)(2); *see also Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017), *as revised*, (July 5, 2017).

[75] *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) (emphasis original and internal quotations omitted) (quoting *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016)).

into an admissible form.'"[76] Accordingly, "except where a document is obviously and categorically inadmissible, an authentication objection will tend to be insufficient unless it makes some case for why it could not be made admissible."[77]

Plaintiff argues that the MSA is not presented in a form that would be admissible at trial because Barnes' deposition testimony cannot authenticate it.[78] Notably, Plaintiff does not object on the grounds that the MSA is *not authentic*, only on that it *has not been authenticated*.[79] In fact, Plaintiff's objection does not allege that the MSA is inaccurate in any way. Although Plaintiff may be correct that the MSA exhibit was not properly authenticated as presented to the Court, the crucial questions is whether it *could be* authenticated.[80] The Court finds that TPIC has shown that it could be properly authenticated with the Unsworn Declaration of Travis Wells.

### ii. Statutory Employer Doctrine

TPIC contends that Jones was TPIC's statutory employee at the time of the incident, and as a result, Plaintiff's remedy is not in tort but is limited to workers' compensation benefits.[81]

---

[76] *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 521–22 (5th Cir. 2021) (second brackets and ellipses in original) (quoting *Lee*, 859 F.3d at 355).

[77] *Hernandez v. Allstate Veh. and Prop. Ins. Co.*, No. 24-00086, 2025 WL 1485872, at *4 (S.D. Tex. Apr. 22, 2025) (emphasis omitted).

[78] *See* R. Doc. 51 at 3–4.

[79] *See* R. Doc. 51 at 2–4.

[80] *Akers v. Beal Bank*, 845 F. Supp. 2d 238, 243 (D.D.C. Feb. 29, 2012) (holding that the 2010 Amendment to Rule 56 "eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated."); *see also* FED. R. CIV. P. 56(c), 2010 Amend.

[81] *See* R. Doc. 49 at 1.

Under the Louisiana Workers' Compensation Act ("LWCA"),[82] "an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers' compensation benefits as his exclusive remedy against his employer and may not sue his employer, or any principal, in tort."[83] The LWCA applies both to a direct employer/employee relationship as well as to a statutory employer/employee relationship.[84] The "statutory employer" doctrine—codified in Louisiana Revised Statute 23:1061—provides that when a valid written contract recognizes the existence of a statutory employer relationship:

> there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees that can only be overcome by showing the work performed is not an integral part of or essential to the ability of the principal to generate that principal's good, products, or services.[85]

Under Louisiana law, a survival action and/or wrongful death claim related to an injury for which workers' compensation is recoverable is barred by the workers' compensation claim.[86] Therefore, if TPIC is found to be Jones' statutory employer, Plaintiff's claims are barred by the statutory immunity provisions of the LWCA.

In this case, Jones was directly employed by Murphrey Oil at the time of the incident.[87] Murphrey Oil was contracted with TPIC to perform oil well services and

---

[82] LA. REV. STAT. § 23:1032.

[83] *Louque v. Scott Equip. Co., LLC*, 212 So.3d 1203, 1208 (La. App. 5 Cir. 2/18/17), *writ denied*, 218 So.3d 629 (La. 4/13/17) (cleaned up) (citing *Deshotel v. Guichard Operating Company, Inc.*, 916 So.2d 72, 76–79 (La. 12/17/04)).

[84] *See* LA. REV. STAT. § 23:1061(A)(1).

[85] *Id*. at § 23:1061(A)(3).

[86] *See id*. at § 23:1032(A)(1)(a) ("[e]xcept for intentional acts ... the rights and remedies herein granted to an employee or his dependent on account of an injury ... shall be exclusive of all other rights, remedies, and claims for damages.").

[87] *See* R. Doc. 1-1, ¶ 4.

equipment repairs on TPIC's property.[88] The MSA between TPIC and Murphrey Oil

contains provisions identifying TPIC as the statutory employer, providing:

> In all cases where [Murphrey Oil's] employees … are governed by the
> Louisiana Worker's Compensation Act, Louisiana R.S. 23:1021 *et seq.*,
> [TPIC] and [Murphrey Oil] agree and recognize, and [Murphrey Oil]
> stipulates, that all Work provided by [Murphrey Oil] and its employees
> pursuant to this Agreement is an integral part of and is essential to the
> ability of [TPIC] to generate [TPIC's] goods and services for purposes of
> Louisiana R.S. 23:1061(A)(1). Furthermore, [TPIC] and [Murphrey Oil]
> agree and recognize, and [Murphrey Oil] stipulates, that [TPIC] is the
> principal or statutory employer of [Murphrey Oil's] employees for
> purposes of Louisiana R.S. 23:1061(A)(3) and is entitled to the benefits
> afforded a statutory employer under Louisiana law. Irrespective of
> [TPIC's] status as the statutory employer or special employer (as defined
> in Louisiana R.S. 23:1031(C)) of [Murphrey Oil's] employees, [Murphrey
> Oil] agrees to remain primarily responsible for the payment of Louisiana
> Worker's Compensation benefits to its employees and shall not be
> entitled to seek contribution for any such payments from [TPIC] and
> agrees to indemnify [TPIC] for any such payments.[89]

The above quoted language from the MSA recognizes the existence of a statutory

employer relationship and is valid.[90] Accordingly, a rebuttable presumption of a

statutory employer relationship has been created, and it can only be overcome by

showing that the work performed is not an integral part of or essential to the ability

of TPIC to generate its goods, products, or services.[91]

In an apparent effort to rebut the statutory employer relationship

presumption, Plaintiff contends that disputed facts exist as to whether Murphrey

Oil's work was integral or essential to TPIC's business by essentially arguing that

---

[88] *See* R. Doc. 49-5.

[89] *See* R. Doc. 49-5 at 15.

[90] *See e.g., Courville v. Citgo Petroleum Corp.*, 643 F. Supp. 3d 627, 633–34 n. 1 (W.D. La. 2022) (finding a similar provision valid and collecting cases).

[91] *See* LA. REV. STAT. § 23:1061(A)(3).

14

TPIC could have hired a different contractor to do the work but hired Murphrey Oil because it was conveniently local.[92] Plaintiff cites no legal authority to support this contention, and TPIC is correct in pointing out, "[t]his is telling, as it shows that Plaintiff has no legal argument that servicing oil wells is not essential to the business of an oil company such as TPIC."[93]

"In its current form, § 1061(A)(3) is interpreted liberally by courts across Louisiana and their federal counterparts."[94] The reasoning behind this rests in the view that "the legislature has specifically rejected a restrictive analysis [of La. Rev. Stat. § 23:1061] in favor of a more liberal interpretation of the words 'integral' and 'essential.'"[95] Several state and federal courts in Louisiana have "construed the statute liberally to find even the most peripheral tasks by a contractor for its statutory employer to be essential and integral to the employer's ability to generate its services."[96]

---

[92] *See* R. Doc. 51 at 4–5.

[93] *See* R. Doc. 52 at 5.

[94] *Ayers v. Packaging Corp of Am. Inc.*, No. 18-00289, 2020 WL 6301964 (W.D. La. Oct. 27, 2020) (citing *Whitehead v. Int'l Paper Co.*, No. 16-176, 2018 WL 6186944, at *2 (W.D. La. Nov. 27, 2018)); *see also English v. Apache Corp.*, No. 10-4419, 2011 WL 3352011, at *7 (E.D. La. Aug. 3, 2011) ("Louisiana jurisprudence demonstrates that rebutting the presumption of a statutory employer relationship is difficult because the words 'integral' and 'essential' are liberally interpreted, in keeping with the Louisiana Legislature's intent.") (citation omitted).

[95] *Ramos v. Tulane Univ. of La.*, 951 So.2d 1267, 1270 (La. App. 4 Cir. 1/31/07).

[96] *Hodges v. The Mosaic Co.*, No. 05-5201, 2007 WL 2008503, at *3 (E.D. La. July 6, 2007) (finding installation of electrician scaffolding essential to chemical manufacturer's operations); *see also Courville*, 643 F. Supp. 3d. at 635 (finding that a vessel inspector's inspection work at an oil refinery was an integral part of the refinery's operations, even though the inspector was on a lunch break at the time of his death); *see also English*, 2011 WL 3352011 (rejecting argument that the plaintiff was outside the scope of his employment when he was injured while walking to a pre-job safety meeting); *see also Oliver v. Day Zimmerman*, No. 05-3072, 2006 WL 508047, at *2 (E.D. La. Feb. 22, 2006) (finding security services essential to oil refinery's operations); and *see also Johnson v. Tennessee Gas Pipeline Co.*, 99 F. Supp. 2d 755 (E.D. La. 2000) (finding contracted catering services on board an oil and gas compressor facility to be integral and essential to the statutory employer's ability to operate its oil and gas compressor facility).

In this case, Murphrey Oil was contracted by TPIC to perform oil well services and equipment repairs on TPIC's oil wells, including pulling pumps and motors from the oil wells and replacing well equipment in order to put certain oil wells back into production.[97] Accepting Plaintiff's position as true would necessarily require this Court to shove the will of the legislature aside and be restrictive in its analysis of § 23:1061.[98] This Court, however, declines to do so. Because Plaintiff has failed to overcome the presumption that TPIC was Jones' statutory employer, Plaintiff is barred from seeking a remedy in tort against TPIC for damages resulting from Jones' death. Accordingly, TPIC's motion for summary judgment is granted.

---

[97] *See* R. Doc. 49-5 at 1; *see also* R. Doc. 51-2 at 4.
[98] *See Ramos*, 951 So.2d at 1270 ("[T]he legislature has specifically rejected a restrictive analysis in favor of a more liberal interpretation of the words 'integral' and 'essential.'").

## IV.    Conclusion

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's Motion to Remand (R. Doc. 41) is **DENIED**, and Plaintiff's claims against Barnes are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Barnes' Motion to Dismiss for Insufficient Service (R. Doc. 30) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that TPIC's Motion for Summary Judgment on Fraudulent Joinder (R. Doc. 32) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that TPIC's Motion for Summary Judgment on the Statutory Employer Doctrine (R. Doc. 49) is **GRANTED**, and Plaintiff's claims against TPIC are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 26th day of January, 2026.


_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**